**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CELANESE INTERNATIONAL CORPORATION, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-07-2981 |
| OXYDE CHEMICALS, INC., | § § | |
| Defendant. | § | |

## **MEMORANDUM AND ORDER**

Plaintiff Celanese International Corporation ("Celanese") filed this patent infringement lawsuit against Defendant Oxyde Chemicals, Inc. ("Oxyde") alleging that Oxyde infringed United States Patent Number 5,144,068 ("the '068 Patent").[1] On April 4, 2008, the Court granted summary judgment in favor of Oxyde on Celanese's patent infringement claims. *See* Memorandum and Order [Doc. # 42]. The Court severed the patent claims and entered Final Judgment [Doc. # 45] on April 25, 2008.[2] The case is now before the Court on Oxyde's Motion for Attorneys' Fees ("Motion") [Doc. # 51]. Celanese filed its Response [Doc. # 58] in opposition to the Motion, and

---

[1]   Celanese is the owner of the '068 Patent, which covers a process and method for producing acetic acid with a high catalyst stability. Celanese alleged that Oxyde infringed the '068 Patent when it imported into the United States acetic acid that had been produced in China using the patented process.

[2]   The Court's ruling on Celanese's patent infringement claims is now on appeal to the United States Court of Appeals for the Federal Circuit.

Oxyde filed its Reply [Doc. # 59]. The Court has carefully reviewed the full record in this case. Based on this review, the Court **denies** the Motion.

"The Court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. "Exceptional cases usually feature some material, inappropriate conduct related to the matter in litigation, such as willful infringement, . . . misconduct during litigation, vexatious or unjustified litigation, conduct that violates Federal Rule of Civil Procedure 11, or like infractions." *Serio-US Indus., Inc. v. Plastic Recovery Tech. Corp.*, 459 F.3d 1311, 1321-22 (Fed. Cir. 2006). An award of fees pursuant to § 285 is "limited to circumstances in which it is necessary to prevent a gross injustice." *FieldTurf Int'l, Inc. v. Sprinturf, Inc.*, 433 F.3d 1366, 1373 (Fed. Cir. 2006) (quoting *Forest Labs, Inc. v. Abbott Labs.*, 339 F.3d 1324, 1329 (Fed. Cir. 2003)). The prevailing party must prove an exceptional case by clear and convincing evidence. *See Perricone v. Medicis Pharm. Corp.*, 432 F.3d 1368, 1380 (Fed. Cir. 2005).

The main infringement claim in this case was an importation claim under 35 U.S.C. § 271(g). Oxyde argued that it was entitled to the modification of remedies provision contained in § 287(b), and Celanese argued that the modification of remedies provision did not apply because Oxyde had knowledge before the infringement that the acid was produced using a patented process. The Court's

decision required consideration of interrelated statutes for which there was limited legal authority. The Court eventually agreed with Oxyde's position and rejected Celanese's position, but that is not an adequate basis for finding that the lawsuit was unjustified or otherwise "exceptional" for purposes of an award of attorneys' fees under § 285. Oxyde has not established by clear and convincing evidence that this is an exceptional case and, therefore, it is hereby

**ORDERED** that Oxyde's Motion for Attorneys' Fees [Doc. # 51] is **DENIED**.

SIGNED at Houston, Texas, this 25th day of **June, 2008**.

_____
Nancy F. Atlas
United States District Judge